# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### Civil Case No. 1:12-cv-00403-MR
#### [Criminal Case No. 1:08-cr-00062-MR-1]

| | |
|---|---|
| KEVIN LAMAR LOCKHART, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **MEMORANDUM OF DECISION** |
| | ) **AND ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1]; Petitioner's motion to proceed *in forma pauperis* [Doc. 2]; and Petitioner's supplemental motion for relief filed through counsel [Doc. 4].

## I. FACTUAL AND PROCEDURAL HISTORY

On June 3, 2008, Petitioner was charged with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). The Indictment alleged that Petitioner possessed the firearm after having been convicted on a state felony offense of cocaine possession in Cleveland County Superior Court, in North Carolina in 2006. [Criminal Case No. 1:06-cr-00061, Doc. 1: Indictment]. Petitioner pled guilty pursuant to a

written plea agreement in which Petitioner specifically agreed to waive his right to challenge his conviction or sentence, except on grounds of ineffective assistance of counsel or prosecutorial misconduct. [Id., Doc. 11: Plea Agreement ¶ 19]. On October 31, 2008, Petitioner's plea of guilty was accepted by the Magistrate Judge, having found that the plea was knowingly and voluntarily entered. [Id., Doc. 12: Acceptance and Entry of Guilty Plea].

In advance of sentencing, the probation officer prepared a presentence report ("PSR") that identified the 2006 state conviction for possession of cocaine, for which Petitioner received a suspended sentence of 5 to 6 months' imprisonment and a term of supervised probation. This term of probation was subsequently revoked and Petitioner's sentence was activated on July 17, 2006. Petitioner was released from state custody in December 2006. [Id., PSR ¶ 39].

Petitioner appeared before the Honorable Lacy H. Thornburg for sentencing on March 23, 2009, and he was sentenced to a term of 120 months' imprisonment. This sentence was ordered to run concurrently with a state sentence that Petitioner was presently serving. [Id., Doc. 16: Judgment in a Criminal Case].[1] Petitioner did not file a direct appeal.

---

[1] At the time he was sentenced, Petitioner was already serving a sentence in the North

Rather, three years later, Petitioner filed a *pro se* motion to vacate under § 2255 contending that his prior North Carolina conviction for possession of cocaine was an invalid predicate conviction that did not support his § 922(g) conviction because he could not have been sentenced to more than one year in state prison.[2] Petitioner contends that he is entitled to relief from his conviction based on, among other authority, the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc).

In May 2012, the judges of this District appointed the Federal Defenders of the Western District to review cases which raised possible claims for relief under Simmons. [See 3:12-MC-92, Order on Appointment, filed May 22, 2012]. On September 24, 2013, Ann Hester from the Federal Defenders filed a supplemental motion to vacate on behalf of Petitioner and included alternative claims for relief under 28 U.S.C. § 2241, and pursuant to the writs of error *coram nobis* and *audita querela*. [Civil Case No. 1:12-

Carolina Department of Corrections, now known as the North Carolina Department of Public Safety ("NC DPS"), on convictions related to the conduct which led to his § 922(g) charge. According to the PSR, on February 4, 2008, Petitioner pled guilty to assault with a deadly weapon with intent to kill inflicting serious injury and felony discharge of a weapon into occupied property. Petitioner was sentenced in the Cleveland County Superior Court to 93 to 121 months' imprisonment. [PSR ¶ 41]. According to the NC DPS website, Petitioner's projected release date on the state convictions is May 6, 2017.

[2] Petitioner also contends in his pro se motion that his § 922(g) conviction violates his right to be free from double jeopardy. In light of the Court's ruling, as explained below, this claim will be dismissed as moot.

cv-403, Doc. 4]. The Court ordered the Government to file a response to the claims raised by Petitioner and his counsel, and on December 13, 2013, the Government filed its response wherein it agrees that Petitioner is actually innocent and is entitled to the relief he seeks. [Id., Doc. 7].

## II.  DISCUSSION

In its Response, the Government notes that Petitioner waived his right to challenge his guilty plea in his plea agreement, and that his motion to vacate is untimely as it was filed more than one year after his criminal judgment became final. The Government, however, has declined to enforce the appellate waiver provision and further has agreed to waive the statute of limitation defense.   Accordingly, the Court will reach the merits of Petitioner's Section 2255 motion.  See Wood v. Milyard, 132 S. Ct. 1826, 1834 (2012) ("A court is not at liberty . . . to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); Day v. McDonough, 547 U.S. 198 (2006) (finding that a district court should accept an explicit waiver of the statute of limitation defense); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (stating that, where the Government expressly elects not to enforce waiver provision, the court may decline to consider it). See also, United States v. Jones, 667 F.3d 477, 486 (4th Cir. 2012).

Both parties rely on the Fourth Circuit's *en banc* holding in <u>United States v. Simmons</u>, in which the Court held that in order for a prior felony conviction to serve as a predicate offense for either a crime of violence or a controlled substance offense, the individual defendant must have been convicted of an offense for which *that defendant* could have been sentenced to a term exceeding one year. <u>Simmons</u>, 649 F.3d at 243. In reaching this conclusion, the Fourth Circuit expressly overruled <u>United States v. Harp</u>, 406 F.3d 242 (4th Cir. 2005), which had held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law], we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." <u>Simmons</u>, 649 F.3d at 241 (quoting <u>Harp</u>, 406 F.3d at 246) (emphasis omitted).

The parties contend that the holding in <u>Simmons</u> should be applicable to Petitioner's case because the predicate state conviction for possession of cocaine could not have subjected him to a term of more than one year imprisonment. <u>See</u> <u>Miller v. United States</u>, 735 F.3d 141, 144-45 (4th Cir. 2013) ("What constitutes a conviction [of a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction where the proceedings were

held.") (quoting 18 U.S.C. § 921(a)(20)). Accordingly, the parties contend that Petitioner's § 922(g) should be vacated.

In <u>Miller</u>, the Fourth Circuit considered a claim of actual innocence in a § 2255 proceeding following Miller's conviction for being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g). The grand jury in the Western District indicted Miller for the Section 922(g) offense after finding that he had been convicted of a felony in state court in North Carolina which was punishable by more than one year in prison under federal law. The record before the district court demonstrated that Miller had previous convictions in North Carolina for felony possession of cocaine and the felony offense of threatening a court officer. Petitioner was sentenced to a term of 6 to 8 months' imprisonment for each of those state convictions.

Miller did not appeal his § 922(g) conviction. Instead, some four years after his judgment had become final he filed a Section 2255 motion contending that in light of the holding in <u>Simmons</u> he was actually innocent because he did not have valid prior state convictions for which he could have been sentenced to more than one year in prison. Consequently, as Miller argued, he had no prior felony which could have supported his §

922(g) conviction. The district court denied collateral relief and Miller appealed.

In its opinion, the Miller Court noted that at the time Miller was sentenced, his prior state convictions were properly classified as felonies under then-existing precedent. Miller, 735 F.3d at 143-44 (citing Harp, 406 F.3d at 246). The Court then explained that the subsequent *en banc* decision in Simmons had expressly overruled Harp by holding that whether a prior North Carolina conviction exposed a defendant to more than one year in prison can be determined only by examining the criminal record of the individual defendant before the Court and not a hypothetical defendant with the worst possible criminal record. Id. at 143. The Court observed that Miller, who had not been convicted of an offense for which he could have been sentenced to in excess of one year under North Carolina's Structured Sentencing Act, no longer had a predicate state conviction to support his § 922(g) conviction.

The Court next examined whether Miller was entitled to the retroactive application of the Court's *en banc* decision in Simmons. The Court found that "Simmons did announce a substantive rule when it applied Carachuri's principles and then narrowed the class of offenders and range of conduct that can be subject to punishment." Miller, 735 F.3d at 147. The

Court then concluded that the substantive rule announced in <u>Simmons</u> is retroactive to cases on collateral review. Miller's § 922(g) conviction was therefore vacated and his case was remanded to the district court with directions that his § 2255 motion to vacate his conviction be granted.

For the sake reasons as articulated in <u>Miller</u>, the Petitioner is entitled to the relief based on the *en banc* decision is <u>Simmons</u>. In accord with <u>Simmons</u>, Petitioner was not a felon. Therefore, he is actually innocent of being a *felon* in possession of a firearm. Accordingly, Petitioner's conviction pursuant to 18 U.S.C. §922(g)(1) and his sentence should be vacated.

The Court notes that according to the NC DPS website, Petitioner is presently housed in a North Carolina prison at Lanesboro Correctional so the vacatur of his federal judgment should have no impact on his present confinement in state custody. Petitioner's projected release date is in 2017. At that time he will not be subject to serve the sentence vacated herein.

## III.   CONCLUSION

Based on the foregoing, the Court finds that Petitioner has demonstrated that he is entitled to habeas relief from his federal conviction for violation of 18 U.S.C. § 922(g).

# O R D E R

**IT IS, THEREFORE, ORDERED** that:

1.     Petitioner's motion to vacate his conviction under 28 U.S.C. § 2255 [Doc. 1] is **GRANTED**; his conviction and sentence are hereby **VACATED**; and the Bill of Indictment filed in Criminal Case No. 1:08-cr-00062 is hereby **DISMISSED**.

2.     Petitioner's motion to proceed in forma pauperis [Doc. 2] is **DENIED AS MOOT**.

3.     Petitioner's remaining claims for relief are **DENIED AND DISMISSED AS MOOT**.

4.     The Clerk of Court is directed to certify copies of this Order to the United States Bureau of Prisons, the United States Marshals Services, and the United States Probation and Pretrial Services Office.

**IT IS SO ORDERED.**

Signed: January 16, 2014

Martin Reidinger
United States District Judge